**WEILAND GOLDEN LLP**
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Faye C. Rasch State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Attorneys for Chapter 7 Trustee
Jeffrey I. Golden

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>LOAN THI TUONG NGUYEN,<br><br>   Debtor. | Case No. 8:13-bk-14555-CB<br><br>Chapter 7 Case<br><br>Adv. No. _____ |
| JEFFREY I. GOLDEN, Chapter 7 Trustee for the Bankruptcy Estate of Loan Thi Tuong Nguyen,<br><br>   Plaintiff,<br><br>v.<br><br>SU QUOC DANG,<br><br>   Defendant. | **COMPLAINT FOR:**<br><br>(1) **TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542;**<br><br>(2) **TO QUIET TITLE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 761.020;**<br><br>(3) **DECLARATORY RELIEF;**<br><br>(4) **TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(1), 3439.07 AND 3439.09;**<br><br>(5) **TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2), 3439.07 AND 3439.09;**<br><br>(6) **TO AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.05, 3439.07 AND 3439.09;** |

(7) **TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551;**

(8) **IMPOSITION OF RESULTING TRUST;**

(9) **IMPOSITION OF CONSTRUCTIVE TRUST; AND**

(10) **ATTORNEYS' FEES AND COSTS**

Jeffrey I. Golden, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate (the "Estate") of Loan Thi Tuong Nguyen (the "Debtor" or "Loan"), hereby files this complaint for: (1) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (2) To Quiet Title Pursuant to California Code of Civil Procedure § 761.020; (3) Declaratory Relief; (4) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (5) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09; (6) To Avoid and Recover Fraudulent Transfers Under 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.05, 3439.07 and 3439.09; (7) To Preserve Transfers for the Benefit of The Estate Pursuant to 11 U.S.C. § 551; (8) Imposition of Resulting Trust; (9) Imposition of Constructive Trust; and (10) Attorneys' Fees and Costs ("Complaint") against Su Quoc Dang, and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O) and 1334.

2. Venue properly lies in this judicial district in that this civil proceeding arises under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

3. This adversary proceeding arises out of and is related to the bankruptcy case of In re Loan Thi Tuong Nguyen, Case No. 8:13-bk-14555-CB, filed on May 24, 2013 and currently pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

## STATEMENT OF STANDING

4. On or about November 29, 2013 (the "Petition Date"), Debtor commenced a voluntary chapter 7 petition for relief under the U.S. Bankruptcy Code.

5. Jeffrey I. Golden was appointed the chapter 7 trustee of the Debtor's Estate.

6. The Plaintiff, as the Trustee, has standing to bring this action pursuant to 11 U.S.C. §§ 323, 542, 544, 550 and 551.

## PARTIES TO THE ACTION

7. Trustee is the duly appointed, qualified and acting chapter 7 trustee for the Estate. This action is brought by the Trustee in his representative capacity only.

8. The Trustee is informed and believes and thereon alleges that Su Quoc Dang ("Dang" or "Defendant") is an individual residing in the County of Orange, State of California.

## GENERAL ALLEGATIONS

9. Trustee is informed and believes and thereon alleges that Loan was the president of and operated a company entitled Suncoast Mortgage Corp. ("Suncoast Mortgage").

10. Trustee is informed and believes and thereon alleges that at all times relevant herein Suncoast Mortgage is and was a California Corporation doing business in the County of Orange, State of California.

11. Upon information and belief Suncoast Mortgage is an escrow company with its principal place of business at 9034 McFadden, Westminster, California.

12. Trustee is informed and believes and thereon alleges that Loan was the president of and operated a company entitled Suncoast Investment Realty ("Suncoast Investment").

13. Trustee is informed and believes and thereon alleges that at all times relevant herein Suncoast Investment is and was a California Corporation doing business in the County of Orange, State of California. Upon information and belief, Suncoast Investment was acting as a real estate brokerage company with its principal place of business at 9034 McFadden, Westminster, California.

14.  Trustee is informed and believes and thereon alleges that Loan, through Suncoast Investment and Suncoast Mortgage, solicited individuals to purchase real property, or refinance existing loans ("Victims") by posing as an escrow agent, real estate agent and broker.

15.  Trustee is informed and believes and thereon alleges Loan often represented that she was the owner of the real property being sold. Upon information and belief, these statements by Loan were false.

16.  Trustee is informed and believes and thereon alleges that Loan obtained funds from Victims by check or wire transfer for down payments for the purchase of real property or to refinance of existing loans ("Funds").

17.  Trustee is informed and believes and thereon alleges that the Funds were deposited into business bank accounts of Suncoast Mortgage Company and Suncoast Investment Realty. Thereafter, upon information and belief, the Funds were dissipated by Loan.

18.  Trustee is informed and believes that upon receipt of the Funds, Loan purchased the real property in the name of son and/or other family members or simply dissipated the funds.

19.  In this way, upon information and belief, Loan stole the Funds from the Victims for her own benefit, and that of her family members. In addition, upon information and belief, Loan caused to be filed Deeds of Trusts that were false and/or forged.

20.  Upon information and belief, in some cases Loan never transferred title to the real property to her Victims as she had promised.

21.  Trustee is informed and believes and thereon alleges that Loan never intended to use the Funds to purchase real property for the Victims or refinance their loans.

22.  Trustee is informed an believes that on February 17, 2012, the Orange County District Attorney charged Loan with multiple counts of, inter alia, conspiracy, larceny, grand theft, forgery, money laundering, and recording false and forged instruments.

## LOAN IS THE ALTER EGO OF SUNCOAST MORTGAGE AND SUNCOAST INVESTMENT

23. Upon information and belief, Loan is the alter ego of Suncoast Mortgage and Suncoast Investment. Trustee is informed and believes and thereon alleges that Loan used these companies as a mere shell, or conduit for her business.

24. Upon information and belief, Loan misused the corporate form of these entities to the disadvantage of Trustee and her Victims.

## LOAN PROFITTED FROM THE SCHEME

25. Trustee is informed and believes and thereon alleges that Loan caused to be transferred to Dang the property commonly known as 2225 Laramore Lane, Santa Ana, California 92706 ("Real Property").

26. The Debtor, using her son, Sean Tran as a conduit transferring the real property to Dang.

27. Upon information and belief, there was no consideration for such transfer, and the transfer was part of Loan's continuing scheme ("Scheme").

28. The transfer of the Real Property to Dang hereinafter the "Transfer."

## FIRST CLAIM FOR RELIEF

### (For Turnover of Property of the Estate)

29. Trustee incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor held a legal and/or equitable interest in the Real Property.

31. The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, the Real Property was under the control of the Debtor.

32. As a result of the foregoing, Trustee seeks turnover of the Real Property from Dang for the benefit of the Estate pursuant to 11 U.S.C. § 542.

## SECOND CLAIM FOR RELIEF

### (To Quiet Title Against the Real Property Pursuant to Cal. C. Pro. § 761.020)

33. Trustee incorporates each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

34. Debtor is the owner of the Real Property and Defendant has no right or title to the Real Property which is adverse to the Debtor.

35. Trustee is informed and believes and on that basis alleges that Defendant claims an interest adverse to the Estate's title in the Real Property. This claim is without any right and Defendant has no right, title, estate, lien or interest in the Real Property adverse to Debtor.

36. Trustee seeks a determination of the Estate's fee simple title interest in the Real Property.

## THIRD CLAIM FOR RELIEF

### (For Declaratory Relief)

37. Trustee incorporates each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

38. Trustee believes that the Real Property is property of the Estate and Trustee seeks a declaration of rights that the Real Property is property of the Estate.

39. Trustee further seeks a declaration that the Estate holds a 100% undivided fee simple interest in the Real Property and that Dang has and had no interest in the Real Property.

40. Trustee further seeks a declaration that the Real Property was and is held in constructive trust as of the date of the Petition Date by Defendants for the benefit of the Estate.

41. Trustee further seeks a declaration of rights that Defendant held and holds legal title to the Real Property in a resulting trust for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

**(To Avoid Transfer and Recover Intentionally Fraudulently
Transferred Property Under 11 U.S.C. §§ 544(b) and 550,
and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09)**

42. Trustee incorporates each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

43. The Transfer was made within several years of the date hereof.

44. The Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

45. Creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

46. The Debtor causes the Transfer to be made to or for the benefit of Defendant.

47. Sean, as the Debtor's conduit, received no or inadequate consideration from the Defendant.

48. The Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

49. By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(1), 3439.07 and 3439.09 and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## FIFTH CLAIM FOR RELIEF

**(To Avoid Transfer and Recover Constructively Fraudulently
Transferred Property Under 11 U.S.C. §§ 544(b) and 550,
and Cal. Civ. Code §§ 3439.04(a)(2), 3439.07 and 3439.09)**

50. Trustee incorporates each and every allegation contained in paragraphs 1 through 28 inclusive, as though fully set forth herein.

51. At the time of the Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

52. At the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

53. The Transfer was made to and for the benefit of Defendant.

54. The Debtor did not receive reasonably equivalent value for making the Transfer and did not make the Transfer in good faith.

55. By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(2), 3439.07 and 3439.09, and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### SIXTH CLAIM FOR RELIEF

**(To Avoid Transfer and Recover Constructively Fraudulently Transferred Property Under 11 U.S.C. §§ 544(b) and 550, and Cal. Civ. Code §§ 3439.05, 3439.07 and 3439.09)**

56. Trustee incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

57. The Debtor causes the Transfer to be made for the benefit of Defendant.

58. The Debtor did not receive reasonably equivalent value for making the Transfer.

59. At the time of the Transfer, the Debtor was either insolvent and/or was rendered insolvent as a result of the Transfer.

60. By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.05, 3439.07 and 3439.09, and Trustee is entitled to recover the Transfer or the value of the Transfer, exclusive of any liens and encumbrances, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SEVENTH CLAIM FOR RELIEF

(To Preserve Transfers for the Benefit of the Estate
Pursuant to 11 U.S.C. § 551)

61. Trustee incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

62. Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate as the Transfer is avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

## EIGHTH CLAIM FOR RELIEF

(For Imposition of Resulting Trust)

63. Trustee incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

64. The Trustee is informed and believes, and on that basis alleges, that at all times after acquisition of the Property, Debtor and Defendant intended and agreed that the beneficial interest in the Property would be held by Debtor and Defendant jointly. Accordingly, Defendant held his interest in the Real Property in trust for Debtor and Defendant currently holds his current interest in the Property in trust for the benefit of the Estate.

65. The Trustee is informed and believes that Sean held the Property for the Debtor, who maintains her beneficial interest in the Real Property.

66. Dang's receipt of the Real Property was part of the Debtor's continuing scheme.

67. By reason of the foregoing, Trustee is entitled to the imposition of a resulting trust on the interest of Defendant in the Real Property and an order declaring title to the Property to be in the name of the Trustee for the benefit of the Estate.

## NINTH CLAIM FOR RELIEF

(For Imposition of Constructive Trust)

68. Trustee incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

69. The Trustee is informed and believes, and on that basis alleges, that the Defendant has been unjustly enriched as a result of holding title in the Real Property.

70. By reason of the foregoing, Trustee is entitled to the imposition of a constructive trust as of the date of the acquisition of the Real Property by Defendant and an order declaring title to the Defendant's interest in the Real Property to be in the name of the Trustee, for the benefit of the Estate as of the Petition Date.

### TENTH CLAIM FOR RELIEF

**(For Award of Attorneys' Fees and Costs Pursuant to Rule 7008(b))**

71. Trustee incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

72. Based on the foregoing allegations, Trustee is entitled to reasonable attorneys' fees and costs resulting from bringing the instant action.

**WHEREFORE**, Trustee prays that this Court enter a judgment against Defendant as follows:

### On the First Claim for Relief

For turnover of the Real Property to the Trustee for the benefit of the Estate pursuant to 11 U.S.C. § 542.

### On the Second Claim for Relief

For judgment quieting the estate's fee simple title to the Real Property and that Defendant has no right, title or interest in or to the Real Property.

### On the Third Claim for Relief

For a declaration that the Real Property is property of the Estate pursuant to 11 U.S.C. § 541.

### On the Fourth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate.

Awarding the Trustee a money judgment against Defendant in the amount of the Transfer.

### On the Fifth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Estate a money judgment against Defendant in the amount of the Transfer.

### On the Sixth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Estate a money judgment against Defendant in the amount of the Transfer.

### On the Seventh Claim for Relief

For preservation of the Transfer for the benefit of the Estate.

### On the Eighth Claim for Relief

For imposition of a resulting trust on Defendant's interest in the Real Property for the benefit of the Estate.

### On the Ninth Claim for Relief

For imposition of a constructive trust on the Estate's interest in the Real Property for the benefit of the Estate as of the date of the acquisition of the Real Property and an order declaring title to the Estate's interest in the Real Property to be in the name of Plaintiff, for the benefit of Debtor's Estate.

### On the Tenth Claim for Relief

Trustee be awarded his costs and attorneys' fees incurred in this action.

## On All Claims for Relief

Trustee be awarded his costs and attorneys' fees incurred in this action.

For pre-judgment and post-judgment interest at the maximum legal rate

Dated: May 7, 2015                                WEILAND, GOLDEN LLP

By: /s/ FAYE C. RASCH
FAYE C. RASCH
Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WEILAND GOLDEN LLP<br>Reem J. Bello, State Bar No. 198840<br>rbello@wgllp.com<br>Faye C. Rasch State Bar No. 253838<br>frasch@wgllp.com<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Telephone: (714) 966-1000<br>Facsimile: (714) 966-1002<br><br>*Attorney for Plaintiff* | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>LOAN THI TUONG NGUYEN,<br><br><br><br><br>Debtor(s). | CASE NO.: 8:13-bk-14555-CB<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| JEFFREY I. GOLDEN, Chapter 7 Trustee for the Bankruptcy Estate of Loan Thi Tuong Nguyen,<br><br>Plaintiff(s)<br>Versus<br>SU QUOC DANG,<br><br><br><br>Defendant(s) | SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1] |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____  **Place:**
> **Time:** _____
> **Courtroom:** _____
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                    **KATHLEEN J. CAMPBELL**
                                                    **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                                  By: _____
                                                          Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                        Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
Date        Printed Name                                           Signature

FORM B104 (08/07)                                                                                    2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF LOAN THI TUONG NGUYEN | **DEFENDANTS**<br>SU QUOC DANG |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN LLP<br>650 TOWN CENTER DRIVE, SUITE 950<br>COSTA MESA, CA  92626          PHONE: (714) 966-10002 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for: (1) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (2) To Quiet Title Pursuant to California Code of Civil Procedure § 761.020; (3) Declaratory Relief; (4) To Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (5) To Avoid and Recover Fraudulent

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> LOAN THI TUONG NGUYEN || **BANKRUPTCY CASE NO.** <br> 8:13-14555 CB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT | **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** <br> CATHERINE BAUER |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* |||
| **DATE** <br> 5/7/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> FAYE C. RASCH ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.